NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 26 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALVIN DALTON, | No. 22-15173 |
| Plaintiff-Appellant, | D.C. No. 4:21-cv-10032-JSW |
| v. | |
| M. VOTARI, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted January 18, 2023[**]

Before:    GRABER, PAEZ, and NGUYEN, Circuit Judges.

Alvin Dalton, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging an Eighth

Amendment claim arising from exposure to cigarette smoke.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo a dismissal for failure to state a claim

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1915A(b)(1). *Byrd v. Maricopa County. Bd. of Supervisors*, 845 F.3d 919, 922 (9th Cir. 2017). We vacate and remand.

The district court concluded that Dalton failed to allege facts sufficient to show that defendant proximately caused his injury of continuing to be housed with a cellmate who smoked cigarettes. *See Bearchild v. Cobban*, 947 F.3d 1130, 1150 (9th Cir. 2020) (the plaintiff in an action under 42 U.S.C. § 1983 must establish both causation-in-fact and proximate causation in order to show that the defendant's conduct was an actionable cause of the claimed injury). However, Dalton sufficiently alleged that defendant's act of denying his request for single-cell status played a substantial part in causing his injury of continued exposure to cigarette smoke. *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008) (proximate cause exists where a defendant's act or omission played a substantial part in bringing about or actually causing injury to the plaintiff). We therefore vacate the judgment.

Appellant's motion for an evidentiary hearing (Docket Entry No. 5) is denied.

**VACATED and REMANDED.**